Wang v. Whitaker

BIA
Poczter, IJ
A206 577 637

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand eighteen.

PRESENT:
    GUIDO CALABRESI,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

YAO WANG,
        *Petitioner,*

    v.                                              17-641
                                                    NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Mary Jane
                         Candaux, Assistant Director; Remi
                         da Rocha-Afodu, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yao Wang, a native and citizen of the People's Republic of China, seeks review of a February 9, 2017, decision of the BIA affirming a June 16, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yao Wang,* No. A206 577 637 (B.I.A. Feb. 9, 2017), *aff'g* No. A206 577 637 (Immig. Ct. N.Y. City Jun. 16, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an applicant, like Wang, may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively

2

reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(iii). "[I]n order to establish eligibility for relief based exclusively on activities undertaken after h[er] arrival in the United States, [Wang] must make some showing that authorities . . . are (1) aware of h[er] activities or (2) likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The agency did not err in finding that Wang failed to establish a well-founded fear of being singled out for persecution on account of her religion. First, Wang did not allege that Chinese officials are aware of her conversion to Mormonism in the United States or her current religious practice. She conceded that she attended underground Christian church services twice in China but was never harmed or persecuted for those activities. Although Wang testified that while in the United States, she spread the gospel over the phone with her friends and relatives in China, none of them, including her friend Zi Jia who attends church in China,

3

have had problems with the Chinese government.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding future fear diminished when similarly situated individuals are able to live unharmed in asylum applicant's native country).

Second, as to whether Chinese officials are likely to discover her practice, Wang testified that she would attend an underground church, and continue to preach the gospel and distribute religious materials to relatives, friends, and colleagues.  Given this limited testimony, the dearth of evidence in the record that Mormons are treated any differently than other Christian denominations, and record evidence that there are tens of millions of Christians in China (many of whom practice in unregistered churches), Wang did not demonstrate that Chinese officials are likely to discover her practice as required to state an objectively reasonable well-founded fear of persecution.  *See Hongsheng Leng*, 528 F.3d at 142-43; *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support in the record," a petitioner's fear is not objectively reasonable and is "speculative at best").

For these same reasons, the agency also did not err in determining that Wang failed to establish a pattern or

practice of persecution of similarly situated individuals. The country conditions evidence in the record established that tens of millions of individuals practice in unregistered churches in China, and that in some areas such practice is tolerated without interference. Therefore, Wang failed to demonstrate "systemic or pervasive" persecution of similarly situated Mormons or Christians sufficient to demonstrate a pattern or practice of persecution in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165-66, 174 (2d Cir. 2008) (finding that the BIA did not err in requiring localized evidence of persecution when the record reflected wide variances in how population control policies are understood and enforced throughout China).

Wang's remaining arguments fail. The IJ did not question the sincerity of Wang's religious beliefs but instead found that Wang's testimony as to her future practice was unspecific and speculative, and thus insufficient to satisfy the objective standard for showing a reasonable possibility of persecution. *See Jian Xing Huang*, 421 F.3d at 129. The IJ also sufficiently considered the record. The IJ expressly stated that she had considered the full record and her

5

decision addresses much of Wang's evidence. *See Jian Hui Shao*, 546 F.3d at 169 (noting that the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (citations omitted)).

Because the agency reasonably found that Wang failed to demonstrate a well-founded fear of persecution as required for asylum, it did not err in also denying withholding of removal and CAT relief, which require a greater likelihood of harm. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk